# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2022

Lyle W. Cayce
Clerk

No. 21-50314
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PERRE JONES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:14-CR-120-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Perre Jones appeals his revocation sentence, namely the imposition of a condition of supervised release requiring him to participate in a sex offender treatment program and abide by the program rules, "including submission to the polygraph testing, to determine if he/she is in compliance with the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

conditions of release." According to Jones, this special condition violates his Fifth Amendment rights against self-incrimination.

The Government has filed a motion for summary affirmance or, in the alternative, an extension of time in which to file a brief. Jones, relying on an out-of-circuit case, does not concede that his issue is foreclosed. We therefore deny the Government's motion for summary affirmance. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). However, because Jones is not entitled to the relief he seeks, as discussed below, we dispense with further briefing and affirm.

Requiring probationers to undergo polygraph examinations as a condition of their supervised release does not violate the Fifth Amendment. *Minnesota v. Murphy*, 465 U.S. 420, 427-29, 435-36 (1984); *United States v. Locke*, 482 F.3d 764, 767 (5th Cir. 2007). The obligation to undergo a polygraph test—and to answer questions truthfully—does not displace the constitutional right against self-incrimination. If, in the course of a polygraph test, Jones is asked questions posing "a realistic threat of self-incrimination," he may assert the Fifth Amendment and refuse to answer. *Murphy*, 465 U.S. at 427–29 (quote at 427). If, however, Jones is asked questions simply pertaining to whether he has violated the terms of his probation, the Fifth Amendment is not implicated. *Locke*, 482 F.3d at 767. "A probationer may only invoke the Fifth Amendment privilege if a truthful answer would incriminate the probationer by exposing him to prosecution for a different crime." *Id.* Finally, a Fifth Amendment-based refusal to answer questions may not be treated as a violation of his probation conditions. *Murphy*, 465 U.S. at 435; *Locke*, 482 F.3d at 767.

At bottom, our inquiry is whether Jones's supervised release condition "merely required him to appear and give testimony about matters relevant to his [supervision] status or whether [it] went farther and required

No. 21-50314

him to choose between making incriminating statements and jeopardizing his conditional liberty by remaining silent." *Murphy*, 465 U.S. at 436. On its face, Jones's sex offender treatment condition requiring polygraph examination does "not attempt to take the extra, impermissible step" and, therefore, does not violate the Fifth Amendment. *Id.* Jones remains free to assert the Fifth Amendment should ever the need arise.

The Government's motion for summary affirmance or an extension of time is DENIED, and the judgment of the district court is AFFIRMED.